# SUPREME COURT

OF THE

## STATE OF ARKANSAS,

AT THE

## DECEMBER TERM, 1872.

---

### WOOLFOLK et al. vs. WRIGHT, Ex'x.

BILLS OF EXCEPTIONS: *What must show and contain.*
> Where papers are read in evidence by a party, on a trial, and the opposite party takes a bill of exceptions, undertaking to set out the evidence, it is his duty *to insert such papers in his bill of exceptions,* or have them filed, *so the clerk may insert them.*

SAME: *Documentary evidence need not be inserted.*
> It is not absolutely necessary to insert *documentary evidence* in a bill of exceptions; but it must be attached to the bill, and identified by being referred to as *exhibits,* etc.

APPEAL from *Chicot* Circuit Court.
Hon. HENRY B. MORSE, Circuit Judge.
*Garland & Nash,* and *Watkins & Rose,* for appellants.
*Pike, Adams & Pike* and *B. S. Johnson,* for appellees.

1

McClure, C. J. Lucy D. and Joseph L. Woolfolk, on be-
half of themselves and other creditors of the estate of Junius
W. Craig, deceased, and C. H. Carlton, administrator of the
estate of Lewis E. Craig, deceased, one of the legatees of said
Junius W. Craig, filed exceptions to the allowance and con-
firmation of an account filed in the probate court by Emma
J. Wright, executrix of the estate of said Junius W. Craig.
At the hearing in the probate court, some of the exceptions
were sustained, and others were overruled, and the Woolfolks,
on behalf of themselvs and other creditors, and Carlton,
as administrator of the estate of L. E. Craig, deceased, ap-
pealed.

In order to fully comprehend the question presented in this
case, it becomes necessary to quote from the bill of exceptions,
which reads as follows:

"It was also agreed between the parties, at the trial, that
the following should be considered as introduced as evidence
in said cause, to be weighed and considered in the decision of
the same, to-wit: all of the record entries in the records of
this court, in regard to the probate and establishment of the
last will and testament of the said Junius W. Craig, deceased,
and of the granting of letters of administration on his estate;
and also the several settlements which have from time to time
been made by said administrator, and now on file in this
court; also, the various entries in the records of the Chicot
circuit court, in regard to the establishment of said last will
and testament; also, a certain record entry and decree in the
records of the chancery side of said circuit court, dated April,
1860, and known as the 'compromise decree;' and, also, one
other certain record entry and decree on the records of said
chancery side of said circuit court, dated October, 1866, in a
case therein pending, wherein Joshua M. Craig and others
were complainants, and Emma J. Wright and others were de-

fendants; and, also, one other certain decree from the records of said chancery court, made at the December term, 1867, in a cause therein pending, wherein the creditors of Junius W. Craig, deceased, were complainants, and Emma J. Wright and others were defendants. It is also further agreed that the will of the said James W. Craig, deceased, as the same is recorded in the records of this court; and also a certain petition for subrogation, filed by Emma J. Wright in this court, at the July term, 1867, should be considered as introduced in this cause. Said exceptions also offered in evidence the probate and allowance of the various accounts and claims against said estate, and more especially, said accounts for burial expenses, and expenses of last sickness at the Louisville Hotel, and also the allowance in favor of Robinson, Lewis & Craycraft, attorneys at law, for fees."

As will be observed, this bill of exceptions simply describes, in general terms, the evidence which it was agreed by counsel in the probate court, might be considered as evidence, at that hearing.

The object of a bill of exceptions is to put upon the record all the *facts* tending to show the decisions of the court respecting questions of law, which do not appear upon the record, and which arise in the course of the trial, so that when the case is afterwards removed to an appellate court, the bill of exceptions may be taken into consideration, and there finally decided, by which the decision of the court below will be affirmed or reversed.

From the rule here laid down, we deduce this one fact, that is, that the judgment of the probate court was to be affirmed or reversed by the circuit court, upon the case made by the bill of exceptions. In other words, the only means of ascertaining whether the probate court erred was by examining the bill of exceptions presented by the appellant.

This bill of exceptions, like that in the case of *Dillard v. Parker et al.*, 25 Ark., 503, simply describes the transcripts and records used as evidence in the court below.    In *Taylor v. Spears*, 8 Ark., 429, this court held that where papers are read in evidence by a party on a trial, and. the opposite party takes a bill of exceptions, undertaking to set out the evidence, it is his duty to insert such papers in his bill of exceptions, and that if he neglects to insert them or have them filed, so that the clerk may insert them, it is his own fault, and he must suffer the consequences.

No one of the transcripts alluded to in the bill of exceptions, signed by the probate judge, or copies thereof, was attached to the record or made a part thereof.    Did the thing called a bill of exceptions, in this case, advise the court below of any error?    If so, it was the duty of the court to so declare, and, in the event it should so find, to try the case *de novo*. Outside of the bill of exceptions, the circuit court could not go to ascertain if error had been committed.    This being true, let us see if the bill of exceptions advised the court of the error complained of.    If the exceptions served this purpose, we are at a loss to know why it was that it became necessary to seek to introduce the records of the probate court, to show wherein the probate court erred.

The bill of exceptions which was intended to show the error of the circuit court, reads as follows: " And now on this day this cause came on to be heard upon the transcript of the proceedings of the probate court of Chicot county, Arkansas, whereupon the appellants offered to read in evidence, as part of the evidence which has been adduced before said probate court, the records and proceedings of the probate and circuit courts referred to in the bill of exceptions in this cause, to the reading of which records the appellee, by her counsel, objected, which  objection was  sustained  by the court, and  said appel-

lants were not allowed to read any of said record, to which rul-
ing of the court said appellants at the time excepted and filed
this, his bill of exceptions."

What better evidence could be presented than is found in
this bill of exceptions, to show that the bill of exceptions pre-
sented to and signed by the probate judge was defective and
did not show the error complained of, or else why the necessi-
ty of introducing the testimony used in the court below,
*aliunde?* What better proof than this bill of exceptions
could have been offered to prove that the bill of exceptions
did not contain all the evidence used at the trial before the
probate court? If there was no defect, there was no necessity
for the introduction of the records, and if there was no neces-
sity for the introduction of the records, then the court did not
err in refusing to admit them.

Attached to the record in this case are copies of certain rec-
ords of the probate and circuit courts of Chicot county, but
whether they are copies of the records used before the probate
court, or copies of the records which the appellants proposed
to introduce before the circuit court, we have no means of as-
certaining, as no means are taken to identify them, nor are
they even described in the bill of exceptions signed by the cir-
cuit judge. Under such circumstances, we cannot consider
them as a part of the record.

This court has frequently held that it is not absolutely
necessary to insert documentary evidence in a bill of excep-
tions, but that it might be attached to the bill, and referred to
as exhibit A, B and C, or as exhibit one, two and three. In
this case there is no effort at identification. It may be said,
however, that they are sufficiently described so as to identify
them beyond all doubt. Let us see if this be true. The bill
of exceptions signed by the probate judge, says: "Said excep-
tors also offered in evidence the probate and allowance of this

court of the various accounts and claims against said estate," etc. This is a very general and indefinite description, and it would be very difficult for this or any other court to ascertain from it, on an examination of the bill of exceptions, whether or not *all* the orders, etc., had been attached to the record.

There may be some questions of merit in this case, but if so, they have been prematurely strangled by the counsel for the appellants, and we cannot consider them in the shape in which they are now presented.

The judgment of the circuit court is affirmed.

GREGG, J., dissented.